ELLIS, Judge.
The plaintiff, Mrs. Bernice Lockwood Edelmann, filed suit against T. A. McCormick, Henry H. Johnson, and the Employers Mutual Liability Insurance Company of Wisconsin, for the alleged wrongful death of her son John Edelmann, Jr., occurring in an accident on U. S. Highway 190, approximately two miles east of the City of Baton Rouge, on February S, 1956.
Petitioner’s son was killed when the Southern Bell Telephone Company truck driven by a coemployee, T. A. McCormick, and in which he was a passenger, was struck, from the rear by a 1941 Dodge driven by the defendant, Henry H. Johnson.
Employers Mutual Insurance Company was the insurer of T. A. McCormick, on his private automobile, and filed an answer denying coverage, refusing to defend the suit for T. A. McCormick, asserting that the policy excluded accidents where the insured was driving any vehicles other than those listed in the policy which were either “owned by or furnished for regular use to the insured.” The defendant, T. A. McCormick, also filed an answer denying that there was any negligence whatsoever on his part, alleging that the accident was caused solely by the negligence of Henry H. Johnson, reserving all of his rights against the insurance company in the event the court would find that there was coverage under the policy on T. A. McCormick’s private automobile.
The telephone company entered into a lump-sum settlement with Mrs. Bernice Lockwood Edelmann, settling the workmen’s compensation claim that she would have as a partially dependent mother of her deceased son.
On May 19, 1960, the case was tried and after the transcript of testimony was filed, the lower court rendered a default judgment against the defendant, Henry H. Johnson, in the sum of $10,000, and dismissing the suit against the defendant, T. A. McCormick and Employers Mutual Insurance Company, for the written reasons assigned.
The plaintiff appealed from the judgment therein only insofar as the judgment rejected the plaintiff’s demand against the defendants, T. A. McCormick, and Employers Mutual Liability Insurance Company.
On appeal, the plaintiff asserts that the trial court erred in concluding that the defendant, T. A. McCormick, was not guilty of negligence which was the proximate cause of the accident. In seeking to prove McCormick was guilty of negligence, the plaintiff contends that he failed to determine that it was safe to make a left-hand turn without ascertaining that it was safe to do so and had, in fact, commenced a left-hand turn when the Johnson automobile struck a trailer attached to the telephone truck T. A. McCormick was driving, and in which the deceased, John Edelmann, was a passenger.
McCormick’s insurance company, Employers Liability Insurance Company, urges on appeal that the policy of insurance that was issued to T. A. McCormick did not cover the liability, if there was any, for his alleged negligent acts that caused or contributed to the death of the son of the petitioner.
The second contention of the insurance company was to join with counsel of McCormick in urging that the judgment of the lower court was correct and should be *459 affirmed absolving him from any negligence and dismissing plaintiff’s suit insofar as he and his insurance company were concerned.
The issues set forth above were briefed and authorities cited, by both counsel for plaintiff and defendants, particularly those issues dealing with the coverage of the policy and the issue of whether the vehicle driven by T. A. McCormick was assigned for his regular use by his employers. We shall pretermit a discussion of this issue as we are convinced that there was no negligence on the part of McCormick.
On the night of February 5, 1956, at approximately 12:00 to 1:00 A. M. the deceased, John Edelmann, and T. A. McCormick were working south of Baton Rouge repairing a cable and were sent by the foreman of the repair crew, Mr. Joseph Englade, to pick up a portable generator as more light was needed to do the job. The repair crew was working near a business establishment known as Jack’s Food Store where a telephone cable had gotten wet and needed repair. The portable generator was transported on a small trailer attached to the rear of the truck, approximately three feet in total height and about the width of the tail gate.
On the way back to Jack’s Food Store, located approximately 2 miles east of the Baton Rouge City limits, McCormick was driving the company truck, towing the portable generator in an easterly direction from the traffic circle on Highway 190. Approximately 100 yards from the destination, McCormick switched on his left turn signal light and began to slow down from a speed of 35 miles per hour to a speed of approximately 5 miles per hour or less, in preparation of making a left-hand turn into Jack’s Food Store on the north side of Highway 190. As these preparations to turn were commenced a police car was travelling west on Highway 190 and approaching Jack’s Food Store from the east travelling at a speed of approximately 40 to 50 miles per hour and arrived at the intersection of the turn into Jack’s Food Store and Highway 190, just prior to the time that the telephone company truck arrived there travelling at a speed of about 5 miles per hour. As the State police car passed the telephone company truck the driver of the police car noticed the automobile driven by the defendant, Johnson, approaching rapidly to the rear of the truck and trailer, and exclaimed to a companion that there would probably be a wreck. Within a few seconds after the police car passed the telephone company truck, which had slowed to a low speed for the police car to clear the intersection, the occupants of the police car saw the collision and an explosion occurring almost simultaneously as the Johnson automobile struck the rear end- of the trailer attached to the-truck.
The pivotal question is whether the defendant, T. A. McCormick, had actually commenced his left-hand turn and was in reality in the act of making a left-hand turn without properly ascertaining that the roadway was clear behind him, prior to commencing the turn.
The defendant, Henry Johnson, was subpoenaed under cross-examination and testified that he was practically upon the, truck, about 10 to 12 feet away, before he saw the truck in front of him going about 2 or 3 miles per hour and that at that time he was driving about 35 or 40 miles an hour. He testified that he pulled over to the right as soon as he saw the truck, but that he struck the trailer that was being towed by the truck, while he was pulling hard to the right, forcing the trailer to jam into the truck and jack-knife it, turning the truck over and to the north shoulder of the highway. At the time he cut hard to the right, his automobile struck an iron post that ruptured his gas tank and caused a loud explosion. Johnson frankly admitted that the truck and trailer had been turned to the left but was in the middle of the highway when he struck the trailer and that the force of the blow caused the truck to move to the left side of the highway. Johnson also testified that he did not see any lights on the truck or the trailer, however, this particular *460 portion of his testimony is explained by the fact that “it was raining and foggy and I didn’t have too good lights to brag on and the old windshield wiper wasn’t working too well, and all the glasses on the car was broken and kind of got a frost on them” and that his lights were very dim so that he could only see “about thirty feet.” The State police trooper testified positively that he could see the truck lights, the left turn indicators, and his testimony was corroborated by that of Mr. Englade, who was waiting at Jack’s Food Store for the generator to arrive and also saw the truck’s lights as it approached with the blinkers working. The officer also testified that he found all the debris caused by the accident in the right or eastbound traffic lane. Therefore, the only logical conclusion to be drawn from his testimony was that the truck was in the right-hand lane and that it had not yet commenced its left-hand turn.
Counsel for plaintiff argues that the physical facts show that the telephone truck did, after the impact, end up on the northeast side of the intersection of the Jack’s Food Store lane and Highway 190, therefore, it must have commenced the left-hand turn, without insuring- that it could be done in safety.
Counsel for plaintiff, in cross-examining the driver of the telephone truck, sought to bring out the fact that he had commenced a- left-hand turn, which was denied by defendant, T. A. McCormick. McCormick’s response to the line of questioning as to why the truck and trailer ended up on the left-hand side of the road was that the impact forced him to that side or possibly his hands were jerked in that direction by the impact. Speculation on this fact is useless as the sole proximate cause of the collision was the gross negligence of Johnson in operating his automobile with defective lights, windshield wipers, not keeping a proper lookout, excessive speed under the facts and circumstances and failing to see what he should have seen.
From the facts, the judgment of the lower court was correct in absolving T. A. McCormick from any negligence whatsoever and is affirmed.
Judgment affirmed.
HERGET, J.,